Good morning. May it please the Court. I am Deputy Attorney General Brian Kinney, appearing on behalf of Respondent Appellant. I would like to reserve three minutes of time for rebuttal. This Court should reverse the district court's order granting habeas relief in light of the recent Supreme Court case of Swarthout v. Cook. Absolutely. You mean reverse or vacate? Well, it's moved, right? Our case is moved. Our appeal is moved, right? It actually is unclear whether or not this case is moot, because the district court's order is ambiguous as to whether or not it affords Mr. Jones time off his parole term. If Ms. Mayer is willing to concede that Mr. Jones is not entitled to parole credits, then it does appear that this matter is moot and that there is no life controversy. Nevertheless ---- But can you elaborate on that? What the State court in a separate proceeding not subject to Federal review has released this individual, right? That's correct. So he's out and he's not going back to prison on the previous term unless he violates the terms of parole. So what's the live issue with respect to parole that is potentially in the case? I'm not sure I follow that. What is unclear to us is whether or not Ms. Mayer is advocating that Mr. Jones is still entitled to parole credits off his parole period. Now, Mr. Jones has a lifetime parole period, but after 5 years on parole, he is entitled to a parole discharge review. If Ms. Mayer is willing to concede that Mr. Jones is not entitled to parole credits, then it is not ---- there's no live controversy in this case. And it is ---- Well, what would be the credit? What would the ---- that's what my confusion is. If he's on parole for life, that means his natural life. So what good would the credits do for a person who's on lifetime parole? It has been argued in State court and Federal court that someone whose due process rights were violated in the parole context should be, even if they have a lifetime parole term, should be afforded time towards their parole discharge review process. Now, the parole discharge review is ---- it doesn't come up for 5 years while the inmate is on ---- parolee is on parole. So the argument would be that he's entitled to an immediate parole discharge review. If that is Ms. Mayer's contention ---- Have they made that argument anywhere? I'm sorry? Have they made that argument anywhere? In this proceeding. Or anywhere else. It does not appear so, but the 28J letter, it was unclear, because she cites cases where there's talk of parole credits. If Ms. Mayer is arguing that he, Mr. Jones, is entitled to parole credits, then there is a controversy in this case, and this Court should reverse the district court's order. If this case is moved, then the proper disposition is just remand back to the district court with instructions to vacate the decision below. If there are no further questions at this time, I'll reserve the remainder of my time for rebuttal. To make sure I understand what you would like us to do, you would like us to dismiss the appeal, send it back to district court with directions to vacate the order, because it's moved. That's correct. Got you. Thank you, Your Honor. No further questions. Good morning. Good morning, Your Honors. May it please the Court. Jenny Mayer on behalf of the appellee, Eddie Jones. First of all, this Court should indeed dismiss the State's appeal as moot, because Mr. Jones has been released on parole as a result of a separate State proceeding. And the proper disposition of this case is not to vacate. This Court in Centeno v. Adams addressed a case under precisely the same facts. In Centeno, like here, the prisoner prevailed on a Federal habeas matter, charging that his rights were violated because there was no evidence, just like Mr. Jones. And similarly, while that appeal was pending, the prisoner was released as a result of a separate State action. What difference does it make as a practical matter whether we vacate the district court's decision or we don't in view of the fact that the law on which the district court rested its decision has been completely undone? Well, as I understand the State's argument here today, the reason why they seek vacature is to eliminate, as they say, some potential harm as a result of the district court's order granting the credits. And as the Supreme Court in U.S. Bancorp noted, that the party seeking vacature has to prove entitlement to that equitable remedy. And under the principles of Bancorp and as the Court as the case that the State cited in their 28-J letter, the Camretta case, none of the justifications for vacature are present here in this case. But I still don't know. I understand that you're telling me those legal principles, but what difference could it possibly make here to anybody whether we vacate the district court's decision or we don't? It's the question of the credits here. And while Mr. Jones has not presented the issue as the State notes, it's entirely speculative as to whether he would seek them or even if these credits were granted as the State noted, the Mr. Jones is on a lifetime parole. If it – what you're sort of saying is, well, it's not really moot because it matters whether the district court's decision stands or falls. And if that's true, why wouldn't we just reverse it flat out under the Supreme Court's new decision? I just don't understand how you can try to obtain the benefit of a decision that was legally erroneous. Well, the district court's decision, nevertheless, should be affirmed under the – for the reasons, as we discussed in our brief, that the California law has created a liberty interest in parole, as stated in Hayward and Frederick. We have some very recent cases that disagree with that position quite explicitly, don't we? Yes, but not precisely, Your Honor. As there has been a long line of Supreme Court precedent that says, regardless of the procedures that are given, a decision that denies an individual of a liberty interest that is created, if that decision is not supported by any evidence, that decision violates the substantive component of the Due Process Clause. And that goes back to the turn of the century in the decisions in the Louisville Railroad case and Douglas v. Buter and Schwer v. the Board of Bar Examiners, which shows that no matter what the process given, and we're not disputing that the procedures required by Greenholz were given, but that there is a substantive component that is an additional protection here that prevents a totally arbitrary deprivation of an individual's liberty. But your primary position is the case is moot. Is that right? Yes, Your Honor. And just on your merits question, Your Honor, the – yeah, we do not dispute that the prisoner was given his procedures, but the total arbitrariness – and the State has never once argued in their briefs that there was some evidence supporting the district court's – the Governor's decision, rather, that the district court reversed. And on the question of vacature, there were just two justifications given in the Supreme Court case in Comreda that the State cited in their 20HA letter about the equitable remedy of vacature. First is whether the State has actually properly raised the issue that it is seeking to challenge. Right here, the State has sought to reverse the district court's opinion on the basis of the credit order. And they've never mentioned the credit order in any of their briefing, never mentioned it until today. Particularly, they were given the opportunity in their supplemental brief, which was requested by the court to address the issue of what the proper remedy was. And not once did they ever mention that the order of the district court granting credits was improper. And second, vacature is improper because the decision below does not necessarily spawn any future harmful consequences. In the case that the State cites in their letter in Comreda, there was a decision of the court of appeals which had a clear prospective effect on the individual who was appealing. And unlike that case, that is not present here, as Mr. Jones is a life prisoner, regardless of whether he gets the credits that the district court had ordered, there is still the parole determination hearing. And that is totally up to the discretion of the parole board whether they continue to require him to stay on parole or not. So it is completely speculative and uncertain. It's not like Mr. Jones is going to walk free. But there's a time for a hearing that's set by State statute, correct? Yes. So the difference is, do they hold the hearing now or do they hold it in five years, right? Yes. So is that a real consequence to your client? At this point, it's speculative. It is. So he doesn't care whether he gets this hearing in five years or now? As he's been out for over a year. So it's really a question of four years. Say yes or no question. Does he care whether he gets a hearing now or in four years? I suspect yes, he cares, but he's not on the issue. Well, then why is it moot? If it matters to one of the parties what the answer  is, why is it moot? I would just point the Court to their decision in Centeno where the Court was presented with precisely the same case and the State had argued that the case was not moot because of the presence of the credit question. And this panel, not this particular panel, decided that the case was moot. It did dismiss the case, the State petitioned for rehearing and that rehearing was denied. And we believe that the facts in this case are no different at all from the case in Centeno, and we would respectfully request that the Court follow the precedent in Centeno, if there are no other questions. Thank you, Ms. Mayer. Mr. Rattini, back to you. Thank you, Your Honor. In this case, there was no due process violation, therefore, there can be no relief granted to Mr. Jones. Ms. Mayer, I would like to respond to the citation to Centeno. In that case, the district court, I mean, sorry, the Ninth Circuit issued an order denying our petition for rehearing, but in that order, it did clarify that Centeno does not dispute the district court's order has been superseded by the 2010 board hearing. Therefore, in the Centeno case, it was made explicit in the Ninth Circuit's denial of petition for rehearing that there was no further relief that could be granted. Because Ms. Mayer is advocating that Mr. Jones is entitled to parole credits, and there is a controversy, and the ---- Taylor, if you told us a few minutes ago, you thought it was moot. It ---- Your Honor, the State's position is if there is no dispute as to parole credits, then this case is moot, and the proper disposition is to vacate the district court's order. But it appears that Ms. Mayer is still arguing that there ---- that her client is entitled to parole credits. If there is a controversy between the parties, then the case is not moot, and the proper disposition would be to reverse the district court's order. Now, in the recent Ninth Circuit case following the Swartout v. Cook precedent, this ---- the Pearson case, it notes in footnote 4 there was still a controversy ---- even though Pearson was out on parole, there was still a controversy as to whether or not he was entitled to parole credits. And in footnote 4, the Ninth Circuit stated that it would not address that issue because the obvious issue was the ---- first it addressed the merits, the due process violation, and it found that there was no due process violation, so therefore there could be no relief. If this Court finds that there is no live controversy between the parties, then the proper disposition would be to vacate the district court's order below. If there is still a controversy, as Ms. Mayer seems to be arguing, that her client is entitled to parole credits and the proper disposition is to reverse the district court's order in light of Cook. Thank you very much. Thank you. The case just argued is submitted. We especially want to thank Ms. Mayer and your firm for taking this pro bono case for us. Thank you very much.
judges: Hug, Silverman, Graber, Cjj